UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD LIMA,

        Plaintiff,

   v.                             CAUSE NO. 3:22-CV-692-DRL-MGG

WARDEN,

        Defendant.

## OPINION AND ORDER

Richard Lima, a prisoner without a lawyer, filed a two page complaint alleging his is suicidal.[1] ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here is the entire body of the complaint:

ISSUE: I'm suicidal, I have told mental health I feel like killing myself . . ., I've submitted healthcare request; and I'm being ignored, …. I feel hopeless, feel like people are out to kill me, and I be hearing voices that tell me to kill myself and see things. I filed a grievance but never heard anything back, by putting it in my mail bag to be turn in!

---

[1] The second page is a handwritten copy of the first handwritten page.

> I really need help I need treatment I really just feel hopeless and like I want to kill myself and need the courts to step in. Staff are deliberately indifferent to my needs and just laugh at me or tell me to grow up when I report feeling suicidal. I would like a full assessment, treatment, medication and to be placed in a therapeutic environment.

ECF 1 at 1 (ellipsis in original).

This complaint makes allegations similar to those made by Justin James Eugene Clark,[2] IDOC # 150094, in *Clark v. Warden*, 3:22-cv-522 (N.D. Ind. filed July 7, 2022). Both inmates are housed at the Westville Correctional Facility. The handwriting of the complaint in this case is strikingly similar to the handwriting in Mr. Clark's case. It is possible Mr. Lima filed a copycat complaint written by Mr. Clark because he wants to manipulate prison officials in the wake of Mr. Clark having recently been granted a preliminary injunction requiring he be placed on suicide watch and evaluated by a mental health professional. Nevertheless, at this stage of the case, the court accepts the complaint as plausibly alleging Mr. Lima is actually suicidal and in need of mental health treatment he has sought but been unable to obtain.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive

---

[2] Mr. Clark is prohibited from proceeding in forma pauperis by 28 U.S.C. § 1915(g) because he has filed five cases which were dismissed as frivolous, malicious, or for failure to state a claim.

2

unqualified access to health care.") (citation and internal quotation marks omitted). Inmates are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. This includes appropriate measures to address the risk of self-harm from suicide. *Quinn v. Wexford Health Sources, Inc.*, 8 F.4th 557, 565 (7th Cir. 2021).

"[M]ere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and internal quotation marks omitted). The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). It is not enough that a medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, an inmate must show that the doctor's treatment decisions were "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). "The federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment." *Id.*

Based on the very limited information currently before the court, the allegations in this complaint state a claim against the Warden of the Westville Correctional Facility for permanent injunctive relief. Liberally construed, the complaint also seeks preliminary injunctive relief.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). It is unclear if Mr. Lima can demonstrate a likelihood of success on a claim that he is receiving constitutionally inadequate care for his suicidal thoughts, but the court will order a response from the Warden before taking further action on the preliminary injunction motion. In the meantime, this order will bring this complaint immediately to the Warden's attention as well.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the complaint (ECF 1 at 1) as a motion for preliminary injunction;

(2) GRANTS Richard Lima leave to proceed against the Warden of the Westville Correctional Facility in an official capacity to obtain permanent injunctive relief to provide him with constitutionally adequate treatment for his suicidal thoughts as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) the

4

Warden of the Westville Correctional Facility at the Indiana Department of Correction, with a copy of this order and the preliminary injunction motion;

(5) DIRECTS the clerk to fax or email a copy of the same documents to the Warden of the Westville Correctional Facility at the Westville Correctional Facility;

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Warden of the Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(7) ORDERS the Warden of the Westville Correctional Facility to file and serve a response to the preliminary injunction motion, as soon as possible but not later than **September 15, 2022**, with supporting medical documentation and declarations from other staff as necessary, describing what care the plaintiff is receiving to address his suicidal thoughts.

SO ORDERED.

August 24, 2022              *s/ Damon R. Leichty*
                             Judge, United States District Court