UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD LIMA,

    Plaintiff,

    v.       CAUSE NO. 3:22-CV-692-DRL-MGG

WARDEN,

    Defendant.

OPINION AND ORDER

Richard Lima, a prisoner without a lawyer, filed a motion seeking a preliminary injunction. ECF 3. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As to the first prong of the preliminary injunction test, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

Here, Lima cannot make such a showing until the exhaustion of administrative remedies affirmative defense is resolved. *See* ECF 10 at 2. "[E]xhaustion is . . . a preliminary issue for the court." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). In a separate order, the court is set a schedule for the prompt resolution of the exhaustion affirmative defense. After it is resolved, if the case is not dismissed, Mr. Lima may refile the preliminary injunction motion if he believes one is still needed.

For these reasons, the court:

(1) DENIES the preliminary injunction motion (ECF 3);

(2) VACATES that portion of the August 24, 2022, Order (ECF 2) which required the Warden of the Westville Correctional Facility to file and serve a response to the preliminary injunction motion; and

(3) DIRECTS the clerk to edit the docket entry of that order (ECF 2) to note the vacated portion.

SO ORDERED

August 31, 2022                                    *s/ Damon R. Leichty*
                                                              Judge, United States District Court